DAVIS W. COOLIDGE *vs.* CHARLES W. GODDARD.

Cumberland. Opinion December 9, 1885.

*Sales. Misrepresentation.*

Four hundred and ten shares of the stock of an electric light company recently organized were paid for to the company, by its stockholders, at the rate of one-third of the par value of one hundred dollars a share. The plaintiff sold five of his shares, thus paid for, to the defendant at par, representing that all stockholders had paid for their shares at par. *Held:* That the plaintiff's statement was a misrepresentation of a material fact; that the defendant would have the right to infer from the representation that the company had assets of forty-one thousand dollars, instead of assets of only one-third of that amount.

ON exceptions and motion to set aside the verdict, from the superior court.

Assumpsit for the recovery of the price of five shares of stock of the Arnoux Electric Light and Power Company of Maine.

At the trial the defendant seasonably requested the presiding justice to give the following instruction to the jury :

" If the jury find that the plaintiff, being the president of the Arnoux Electric Light and Power Company of Maine and in a position to have superior knowledge as to the financial standing of the company, at his first conversation with the defendant on Middle street stated to the defendant in substance, as a matter of fact, that every one who was interested in the stock of that

company had paid par value for it and that the defendant could. have it on the same terms as all others had received it upon, and. if this statement was made by the plaintiff to induce the defend-- ant to make the purchase of stock and was believed and relied. upon by the defendant, and was untrue, and if the jury further find that within a reasonable time after discovery of said untruth the defendant returned, or offered to return the certificate of stock to the plaintiff, or his attorney, in rescission of the trade,, then the plaintiff is not entitled to recover in this action."

But the presiding justice declined to give the requested instruction, and ruled as matter of law that if all the fraudulent, representations alleged were proved to have been made by the plaintiff, they were in themselves, even if the defence were sustained in all other essential particulars, mere statements of value or matters of opinion and not such as the law deems. material and actionable ; that such proof would afford no defence to the action, and the jury should pay no attention to that branch of the defence which was based upon the allegation of fraud.

The verdict being for the plaintiff for five hundred sixty-four dollars and ninety cents, the defendant alleged exceptions.

Other material facts are stated in the opinion.

*George E. Bird*, for the plaintiff.

The statements of the plaintiff, construed in the most favorable light for the defendant, were statements of value, statements of prices paid by plaintiff or by others, mere " dealer's talk," such representations afford no ground for an action of deceit, nor do they constitute a defence to an action for the price and cases. cited ; see also : *Long* v. *Woodman*, 58 Maine, 52 ; *Martin* v. *Jordan*, 60 Maine, 532 ; *Holbrook* v. *Connor*, Ib. 580 ; *Bishop* v. *Small*, 63 Maine, 12 ; *Bowen* v. *Davis*, 76 Maine, 225 ; *Ellis* v. *Andrews*, 56 N. Y. 85 ; *Brown* v. *Castles*, 11 Cushing, 350.

At the trial in the superior court, the defendant relied upon the following cases : *Litchfield* v. *Hutchinson*, 117 Mass. 195 ; *Savage* v. *Stevens*, 126 Mass. 208 ; *Teague* v. *Irwin*, 127 Mass. 217 ; *Bannister* v. *Alderman*, 111 Mass. 263 ; *Fisher* v.

*Mellen*, 103 Mass. 506; *Fogg* v. *Pew*, 10 Gray, 409; *Hubbell Meiggs*, 50 N. Y. 490.

In the cases in 117, 126, 127 and 111 Mass. the representations were of some material fact, as to the character, or situation or quality of the property, and not statements of value or of prices paid. It is not seen that either *Fisher* v. *Mellen* or *Fogg* v. *Pew*, are at all applicable to this case, while the only similarity between the facts in *Hubbell* v. *Meiggs*, and this case is that the subject of the contract of sale is stock.

*Symonds and Libby*, for the defendant, cited: *Lawton* v. *Kittredge*, 30 N. H. 500; Bigelow on Fraud, 20, 21, 24, 60, 71. See *Fogg* v. *Pew*, 10 Gray, 409; *Manning* v. *Albee*, 11 Allen, 522; *Bradley* v. *Poole*, 98 Mass. 179; *Litchfield* v. *Hutchinson*, 117 Mass. 195; *Teague* v. *Irwin*, 127 Mass. 218; *Sharp* v. *Ponce*, 74 Maine, 470; *Campbell* v. *Fleming*, 1 Adolf. & Ellis, 40; Cooley on Torts, 494–495; See *Cargill* v. *Bower*, L. R. 10 Chan. Div. 502; Benjamin on Sales, 4th Am. ed. 521, 523; *Bedford* v. *Bagshaw*, 4 Hurl. & Norm. 538; *Eaglesfield* v. *Marquis of Londonderry*, L. R. 4 Chan. Div. 693; *Morgan* v. *Skiddy*, 62 N. Y. 326; *Bishop* v. *Small*, 63 Maine, 13.

PETERS, C. J.   In February, 1882, an electric light company was formed in Portland, with two thousand shares, of a par value of one hundred dollars each share, making two hundred thousand dollars of capital stock.   The plaintiff was the president of the company, its principal manager, and the owner of a majority of its stock.   In June, 1882, he contracted to sell to the defendant five shares for five hundred dollars.   At that time there had been taken or purchased from the company four hundred and ten shares and the money therefor paid into its treasury, one thousand five hundred and ninety shares remaining unsold, and the company had voted to sell no more.   When the plaintiff made the sale to the defendant, he represented that he was selling to him at the same price which all others had paid who were interested in the stock.

Paid to whom?   It must have been to the company, the seller

of the stock. The clear and irresistible implication of this positive assertion was that the company had forty-one thousand dollars in its hands. The defendant was undoubtedly induced to believe that the company had a working capital of one hundred times as many dollars as it had issued shares. The statement amounted to a representation to that effect. But the company had only about one-third of that amount of working capital or of money. The defendant, instead of getting stock which represented about one-eightieth of the working assets of the company, got stock which represented only one-two hundred and fortieth of such assets.

Was not this an assertion of an important fact? Suppose that nothing had been paid in, but that the stock, as is sometimes the case in those speculations, had been given by the company to the holders. In such case, what would the defendant have got for his money? Suppose the plaintiff had said to defendant, " I will sell you five shares for five hundred dollars, but all others received their shares at the rate of one-third as much." Would the defendant have purchased? The plaintiff voluntarily and artfully represented the working assets of the company to be forty-one thousand dollars ; they were only about fourteen thousand dollars. To be sure, it may be said that the defendant was not told how many shares had been issued. The answer to that is that he undoubtedly supposed, if he did not know, and would have a right to suppose, that some substantial amount of capital had been paid in. It is urged in extenuation by the plaintiff that the defendant offered himself as a purchaser. The affirmation complained of is none the truer on that account. Undoubtedly the case is near the line which marks the distinction between actionable and non-actionable representations. However near to it, the facts place the plaintiff upon the wrong side. It is often a narrow line which separates right from wrong.

We feel well assured that the requested instruction, or its equivalent, should have been given. The learned judge evidently had not at the moment in mind the distinction between what the plaintiff had paid, and what the company had actually received,,

for the stock. In any view, there was at least a question for the jury. We think that the exceptions and the motion should be sustained. *Sharp* v. *Ponce,* 74 Maine, 470.

*Motion and exceptions sustained.*

WALTON, VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., concurred.